# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

ALICE BROWN,
    Plaintiff,

v.

UNITED STATES, et al.,
    Defendants.

Case No. 16-cv-07235-NJV

**ORDER ON MOTIONS TO DISMISS**
Re: Dkt. Nos. 24, 27 & 28

Before the court are three Motions to Dismiss. The first was filed by Defendant Deana Freeman ("Ranger Freeman"). (Doc. 24). The second was filed by the Department of the Interior ("DOI"), Redwood National and State Parks Department ("RNP"), and the United States. (Doc. 27). The third was filed by Chief Ranger Marshall Neeck, Retired, National Park Ranger David Keltner, National Park Ranger Gregory Morse, National Park Ranger Joel Leachman, and National Park Ranger Robert Toler ("Ranger Defendants"). (Doc. 28). Plaintiff has responded to each Motion, (Docs. 32, 27, & 38), to which Defendants have replied. (Docs. 33, 39, & 34). For the reasons stated below the court grants all three Motions to Dismiss.

## FACTS AS ALLEGED IN THE COMPLAINT

Alice Brown alleges that on the morning of December 21, 2014, she was sleeping in her van at the Hiouchi Visitor Center, off Highway 199 in Del Norte County, California. At around 7:00 a.m. Defendant National Park Ranger Joel Leachman knocked on Plaintiff's van and told her the parking lot did not permit overnight camping. Compl. at 8. Ranger Leachman conversed with Plaintiff for several minutes, asking her to open a window or come outside, so the Ranger could see to whom he was talking. *Id*. at 8-10. Plaintiff remained in the van and did not come out for

several more minutes. *Id*. She eventually exited the van's side door and opened the driver door. *Id*. at 11. At that point Ranger Leachman threw Plaintiff to the ground and arrested her. *Id*. Four sheriff's deputies and two other rangers arrived on the scene and witnessed the arrest. *Id*. Plaintiff screamed for help and told the officers she was disabled and had chronic pain. *Id*. at 13. Ranger Leachman pried the vehicle keys from Plaintiff's hand and gave them to a sheriff's deputy who then conducted a search of the van despite Plaintiff's protests. *Id*.

Ranger Leachman then conducted a body search of Plaintiff, pulling the elastic out of her pants, viewing her bare buttocks, and touching her groin. *Id*. at 15. This was all done in front of the other officers who did nothing to stop it. *Id*. at 16. Plaintiff was then taken to a police station and her van was impounded. *Id*. at 17-18.

**CLAIMS**

Plaintiff brings six claims against state and federal parties. Claim 1 is a *Bivens* action against United States, DOI, RNP, National Park Ranger Joel Leachman, Chief Ranger Marshall Neeck, Retired, National Park Ranger David Keltner, National Park Ranger Robert Toler, National Park Ranger Gregory Morse, and National Park Ranger Deana Freeman, "in their official and individual capacities" for deprivation of Plaintiff's Fourth, Fourteenth, and Eighth Amendment rights. Claim 2 is against National Park Ranger Joel Leachman in his official and individual capacities for excessive force. Claim 3 is against United States, DOI, RNP, National Park Ranger Joel Leachman, Chief Ranger Marshall Neeck, Retired, National Park Ranger David Keltner, National Park Ranger Robert Toler, National Park Ranger Gregory Morse, and National Park Ranger Deana Freeman, "in their official and individual capacities" for failing to follow proper procedure in the search and seizure of Plaintiff's person and property. Claim 4 is a claim under 42 U.S.C. § 1983 against the County of Del Norte and its Sheriff and deputies and is not a part of these motions. Claim 5 is a claim against National Park Ranger Deana Freeman for being in possession of and returning Plaintiff's personal items. Claim 6 is a *Monell* claim against the County of Del Norte and its Sheriff and deputies and is not a part of these motions.

//

//

2

**LEGAL STANDARD**

The purpose of a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, is to test the legal sufficiency of the claims stated in the complaint. A motion to dismiss may be brought under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8 "does not require 'detailed factual allegations,'" a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1955 (2007)). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Thus, in order to survive a motion to dismiss, the nonmoving party must allege facts that are "enough to raise a right to above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Dismissal of a complaint can be based on either the lack of a cognizable legal theory or the lack of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

**DISCUSSION**

*A.     Ranger Freeman*

Ranger Freeman moves for dismissal of the claims against her in her official capacity based on the Eleventh Amendment and the prohibition to official capacity suits under 42 U.S.C. § 1983. Plaintiff responds by voluntarily dismissing Ranger Freemen in her official capacity.

Accordingly, Ranger Freeman in her official capacity is DISMISSED.

Ranger Freeman also moves for dismissal of the claims against her in her individual capacity on the basis that the Complaint "fails to state a plausible claim that Ranger Freeman

3

violated any constitutional rights." Mot. to Dismiss (Doc. 24) at 10. Ranger Freemen points out the she "is specifically referenced only twice in the complaint's statement of facts. She is first referenced indirectly as the female ranger who '[Joel Leachman] chose not to call . . . to the scene" and "[i]n the second reference to Ranger Freeman, Brown alleges that at 10 a.m. Ranger Freeman 'approached [Brown] at the Department in the lobby and handed [Brown]' several possessions." *Id*.

Plaintiff responds to all of this not by pointing to facts alleged in the Complaint, but by now alleging that she has "reason to believe" that Ranger Freeman conducted a second illegal search of her belongings. Pl.'s Resp. (Doc. 32) at 2. Her basis for this belief is because Ranger Freeman was in possession of, was familiar with, and had personal knowledge of Plaintiff's property. *Id*. That Ranger Freeman would be in possession of, familiar with, and have personal knowledge of Plaintiff's personal property is not surprising considering Ranger Freeman returned those items to Plaintiff following her release from custody. The fact that Ranger Freeman was in possession of Plaintiff's property does not give rise to any belief that she may have conducted a second illegal search. Plaintiff's assertion is mere speculation.

Plaintiff then imagines that Ranger Freeman took the seized items and "researched the name of the medication on her computer at work and had discovered that it was an antibiotic and not a narcotic and she had no use for it, if she abuses narcotic prescription drugs." *Id*. at 5. Plaintiff then asserts that Ranger Freeman searched and seized the medication with "evil intent." *Id*.

First, none of these alleged facts are within the Complaint. The Complaint is deficient as it relates to claims against Ranger Freeman. The only allegation within the Complaint against Ranger Freeman, that she simply returned property to Plaintiff, does not set forth a Constitutional violation. *See e.g. Ramirez v. Butte-Silver Bow Cty.*, 298 F.3d 1022, 1027 (9th Cir. 2002), aff'd sub nom. *Groh v. Ramirez*, 540 U.S. 551, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) ("Because searches often require cooperation and division of labor, officers' roles can vary widely. Typically, only one or a few officers plan and lead a search, but more-perhaps many more-help execute it. The officers who lead the team that executes a warrant are responsible for ensuring that

4

they have lawful authority for their actions."). Second, the new allegations within the Response are not part of the Complaint and are therefore not considered in determining whether the Complaint should be dismissed. However, even were the court to consider them, they merely represent wild accusations regarding drug abuse that have no basis in fact. The court would certainly not consider such accusations absent some showing of factual plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.").

Accordingly, the Motion to Dismiss Ranger Freeman is GRANTED.

### B. *The United States, Department of the Interior, and Redwood National and State Parks*

The United States, DOI, and the RNP move for dismissal on the basis the court lacks subject matter over these claims against these defendants. First, they assert their Sovereign Immunity and argue that Plaintiff could only proceed against them through a Federal Tort Claims Act claim, but that Plaintiff "has not brought an FTCA claim against the United States, and she would not be able to unless and until she exhausted her administrative remedies." Def.'s Mot. (Doc. 27) at 6. Plaintiff responds by stating that she "could have and should have also filed her suit as a Federal Tort Claims Act" . . . "but that she has not filed an FTCA claim." Resp. (Doc. 38) at 3. Plaintiff then appears to go on to explain that she has not exhausted her administrative remedies, but that she did attempt to report complaints to several individuals and agencies. Whether or not this would meet the pre-requisites to filing a claim under the FTCA is not before the court because the current Complaint fails to make a claim under the FTCA.

The United States, DOI, and the RNP also move for dismissal on the basis that a *Bivens* action cannot be brought against the United States or its agencies. Plaintiff appears to concede this point. To the extent she does not, the court finds that Plaintiff cannot bring a *Bivens* claim against these defendants. *See e.g. Mendia v. Garcia*, 165 F. Supp. 3d 861, 880 (N.D. Cal. 2016) ("The Bivens case was the first time the Supreme Court 'recognized . . . an implied private action for damages *against federal officers* alleged to have violated a citizen's constitutional rights.'") (emphasis added).

In her Response, Plaintiff also states that she is suing these Defendants for "refusal to

5

comply with the FOIA requests under the Freedom of Information Act for full uncut body cam recording of it's [SIC?] federal agents." Pl.'s Resp. (Doc. 38) at 5. However, no such FOIA claim exists within the Complaint. If Plaintiff were to add a FOIA claim in an amended complaint, Defendants are quite right that "[i]ndividual officers of federal agencies are not proper parties to a FOIA action." *Lawrence v. Comm'r of Internal Revenue*, 2000 WL 637351, *1 (C.D. Cal. March 2, 2000) (citing *Thompson v. Walbrun*, 990 F.2d 403, 405 (8th Cir. 1993); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir.1987)); *Bay Area Lawyers Alliance v. Department of State*, 818 F.Supp. 1291, 1294 (N.D.Cal.1992) (Henderson, C.J.).

Because the United States and its agencies have not waived sovereign immunity and this is not an action under the FTCA and because a *Bivens* action is only proper against federal officers, the Motion to Dismiss filed by the United States, DOI, and the RNP is GRANTED.

### C. *Rangers Leachman, Neeck, Keltner, Toler, & Morse*

These Rangers seek dismissal of the *Bivens* claim (Claim1) made against them in their official capacities. Plaintiff concedes that if suits against individuals in their official capacity under *Bivens* are prohibited, then these claims should be dismissed. They are prohibited and therefore the official capacity *Bivens* claims are dismissed. *See Solida v. McKelvey*, 820 F.3d 1090, 1094–95 (9th Cir. 2016) ("'There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity.'") (*quoting Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001)).

Defendants also move for dismissal of the claims against them in their official capacity in Claim 3 because "Plaintiff has not shown any waiver of sovereign immunity that would allow the moving defendants to be sued in their official capacity based on an allegation that one or more of them violated a procedure or policy." Def.'s Mot. (Doc. 40) at 3. Plaintiff does not contest this assertion and the court finds that the claims against these Defendants in their official capacity in Claim 3 are due to be dismissed on the basis of sovereign immunity. *See e.g. Holly v. Jewell*, 196 F. Supp. 3d 1079, 1091 (N.D. Cal. 2016) ("A suit for damages against federal officers or employees in their official capacity is essentially a suit against the United States and is therefore barred by sovereign immunity absent statutory consent.")

6

Defendants also move for dismissal of the claims against them in their individual capacity in Claim 3. More specifically, Ranger Defendants argue that a claim for failure to follow procedure and policy is not a claim for a constitutional violation and would be therefore precluded under the Westfall Act. *See e.g. Osborn v. Haley*, 549 U.S. 225, 247 (2007) ("The Westfall Act grants a federal employee suit immunity, we reiterate, when 'acting within the scope of his office or employment at the time of the incident out of which the claim arose.' § 2679(d)(1), (2)"). In her response, Plaintiff alleges that the failure to follow proper procedure led to a violation of her rights under the Fourth, Fourteenth, and Eighth Amendments. However, the Complaint makes no mention of a constitutional violation. Accordingly, Claim 3 against the Ranger Defendants in their individual capacities is dismissed.

Next Ranger Defendants move for dismissal of the claims against Ranger Neeck and Ranger Morse, as the Complaint fails to allege facts that these two Defendants had anything to do with Plaintiffs arrest or the search of her person or vehicle. In response, Plaintiff alleges new facts against Ranger Morse. Specifically, she alleges that he was on the phone with the officers conducting the search and failed to stop the illegal search. As Defendants rightly point out, "Plaintiff needs to file an amended complaint if she wishes to allege a *Bivens* claim against Ranger Gregory Morse, as her current complaint alleges no facts at all against him." Pl.'s Resp. (Doc. 37) at 4.

As to Ranger Neek, Plaintiff argues that her claims against Ranger Neek are based on his failure to investigate the illegal search and seizure conducted by the other Rangers. Pl.'s Resp. (Doc. 37) at 5. Defendants reply by stating that:

> [Plaintiff] claims that the day after her arrest, former Ranger Neeck "refused to investigate the illegal unreasonable search and seizure of plaintiff and her property," "did not reprimand" any of the Rangers allegedly involved in the search and seizure, and "simply laughed it off." *See* ECF No. 37 at p. 5 ¶ 10. Nothing in the Constitution requires an officer to conduct an investigation or reprimand officers. Nor does anything in the Constitution prevent a law enforcement officer from "laughing off" a claim of a civil rights violation.

Ranger Def. Reply (Doc. 40) at 5. Ranger Defendants are correct that Plaintiff's claims against Ranger Neeck fail to state a constitutional violation. *See e.g. Auleta v. United States Dep't of*

7

*Justice*, 80 F. Supp. 3d 198, 203 (D.D.C. 2015) ("Plaintiff's claim premised on the federal defendants' failure to carry out a statutory obligation to investigate his claims does not rise to the level of a constitutional violation."). Accordingly, Defendants Ranger Neeck and Ranger Morse are dismissed.

Based on the foregoing, the Motion to Dismiss filed by the Ranger Defendants is GRANTED.

## CONCLUSION

For the above stated reasons it is ORDERED that the Motion to Dismiss filed by Defendants Deana Freeman (Doc. 24), the Motion to Dismiss filed by the Department of the Interior, Redwood National And State Parks Department, and the United States (Doc. 27), and the Motion to Dismiss filed by Chief Ranger Marshall Neeck, Retired, National Park Ranger David Keltner, National Park Ranger Gregory Morse, National Park Ranger Joel Leachman, and National Park Ranger Robert Toler (Doc. 28) are GRANTED as follows:

1) all claims against Defendant Deana Freeman are Dismissed;

2) all claims against Defendants Department of the Interior, Redwood National And State Parks Department, and United States are DISMISSED; and

3) all official capacity claims against Ranger David Keltner, National Park Ranger Joel Leachman, and National Park Ranger Robert Toler are DISMISSED; and

4) all claims against Chief Ranger Marshall Neeck, Retired, and National Park Ranger Gregory Morse are DISMISSED.

Plaintiff is granted leave to file an amended complaint on or before August 1, 2017. The amended complaint must have this case number and be entitled, "Amended Complaint."

**IT IS SO ORDERED**.

Dated: June 20, 2017

NANDOR J. VADAS
United States Magistrate Judge