# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

| | |
|---|---|
| ALICE BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF DEL NORTE; NATIONAL PARK RANGER JOEL LEACHMAN; NATIONAL PARK RANGER DAVID KELTNER; NATIONAL PARK RANGER ROBERT TOLER; NATIONAL PARK RANGER GREGORY MORSE; DEPUTY SHERIFF ROBERT CLARKSON; DEPUTY SHERIFF NEAL OILAR; DEPUTY SHERIFF ADAM DANIELS; DEPUTY SHERIFF GRANT HENDERSON; SHERIFF ERIK APPERSON; SHERIFF DEAN WILSON, RETIRED,<br><br>    Defendants. | Case No. 16-CV-7235 RMI<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION** |

The court granted summary judgment on all remaining claims in this case and entered judgment for Defendants and against Plaintiff Alice Brown ("Brown") on August 9, 2018. *See* Dkt. Nos. 78 & 79. On September 5, 2018, Brown filed a notice of appeal of that judgment. *See* Dkt. No. 84. Two days later, she filed a motion under Federal Rule of Civil Procedure 60(b) to set aside entry of the final judgment against her. *See* Dkt. No. 85. The motion is now fully briefed. *See* Dkt. Nos. 87, 90, 91.

//

Pursuant to Civil Local Rule 7-1(b), the court finds that this matter is appropriate for decision without oral argument and therefore takes the matter under submission on the papers. The hearing previously set for October 16, 2018, is VACATED.

When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to grant the motion. *Katzir Floor & Home Designs, Inc. v. M-MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004). Federal Rule of Civil Procedure 62.1(a) provides three options when a party, as here, makes a Rule 60(b) motion on a case pending appeal: the district court may (1) defer consideration of the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose, or that the motion raises a substantial issue. *See, e.g., NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 n.1 (9th Cir. 2016) (addressing the options under Rule 62.1 in upholding a district court's denial of a Rule 60(b) motion to vacate judgment). Accordingly, this court lacks jurisdiction to grant Plaintiff's motion to vacate the judgment.

The court has considered the arguments raised in Plaintiff's motion and concludes that Plaintiff fails to raise a substantial issue as to any grounds for relief from the final judgment entered in this case. Because Plaintiff establishes no basis for vacating the judgment in this case, Plaintiff's motion is DENIED.

Dated: October 5, 2018

By: _____
Judge Robert M. Illman
United States Magistrate Judge

MITCHELL, BRISSO,
DELANEY & VRIEZE
814 Seventh Street
P.O. Drawer 1008
Eureka, CA 95502

1