# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# EUREKA DIVISION

| | |
|---|---|
| ALICE BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF DEL NORTE, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-07235-RMI<br><br>**ORDER ON MOTION FOR RECONSIDER OF BILL OF COSTS AND OBJECTIONS TO BILL OF COSTS**<br><br>Re: Dkt. No. 95 & 96 |

Before the court is Plaintiff's Motion for Reconsideration of the Bill of Costs (Doc. 95) and Objections to the Bill of Costs (Doc. 96). On November 5, 2018, Defendants County of Del Norte, Sheriff Dean Wilson, Retired, Sheriff Deputy Adam Daniels, Sheriff Deputy Grant Henderson, Sheriff Deputy Neal Oilar, Sheriff Deputy Robert Clarkson, and Sheriff Erik Apperson ("County Defendants") filed a Response (Doc. 98) to the Motion, to which Plaintiff has filed a Reply (Doc. 99). For the reasons that follow, the court will deny the motion.

Summary Judgment was granted as to all Defendants and Judgment was entered on August 9, 2018. (Docs. 78 & 79). Thereafter, on August 23, 2018, County Defendants filed a Bill of Costs (Doc. 81) and an Amended Bill of Costs (Doc. 82).[1] Attached to both of these documents were certificates of service. *See* (Docs. 81-3 & 82-1). Further, both of the Bills of Costs were generated using this District's form bills. On that same date, August 23, 2018, County Defendants filed a Notice (Doc. 83), wherein they notified Plaintiff of the filing of the Bills of Costs and the attendant objection deadline of September 6, 2018. Indeed, the title of the filing was "NOTICE OF

---

[1] The Amended Bill of Costs (Doc. 82) was amended as to the Declaration referenced in 8(c) only.

OBJECTION DEADLINE FOR BILL OF COSTS." *Id*. That Notice also contained a certificate of service. (Doc. 83-1). On October 11, 2018, the Clerk of Court approved and taxed costs in the amount of $877.75 against Plaintiff. (Doc. 95). Plaintiff's Motion for Reconsideration and Objections are dated October 25, 2018 and were filed October 29, 2018. *See* (Docs. 95 & 96).

With regard to the Motion and the Objections, they are both untimely. Rule 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." This court's local rules require that objections *must* be filed within 14 days after service of a bill of costs and "must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference." L.R. 54-2.

Even taking the signature date of the filings, the Objections were filed more than 60 days after the Bill of Costs were filed, well outside the 14-day limitation. "A failure to timely object to costs constitutes a waiver." *Sorgen v. City & Cty. of San Francisco*, No. 05-CV-03172 TEH, 2007 WL 1514432, at \*3 (N.D. Cal. May 21, 2007). Moreover, "[t]he failure to file objections within this [14-day][2] deadline waives the right to challenge costs under Federal Rule of Civil Procedure 54(d)." *Velasquez v. Donahue*, No. 11-03444 JSW, 2014 WL 1018068, at \*1 (N.D. Cal. Mar. 12, 2014) (citing *Konig v. Dal Cerro*, 2008 WL 4628038, \*2–3 (N.D. Cal. Oct. 16, 2008) (finding that *pro se* plaintiff's failure to submit timely objections waived the right to challenge costs).

Accordingly, the court finds that Plaintiff's Objections are OVERRULED as waived, and the Motion to Reconsider is DENIED.

**IT IS SO ORDERED.**

Dated: November 30, 2018.

ROBERT M. ILLMAN
United States Magistrate Judge

---

[2] L.R. 54-2 was amended to provide 14 days rather than 10 days in 2018.