UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE BROWN,<br><br>        Plaintiff,<br><br>   v.<br><br>NATIONAL PARK RANGER JOEL LEACHMAN, *et al.*,<br><br>        Defendants. | Case No. 16-cv-07235-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW HER CONSENT TO MAGISTRATE JURISIDCTION AND DIRECTING CLERK TO REASSIGN CASE TO MAGISTRATE JUDGE ILLMAN FOR FURTHER PROCEEDINGS**<br><br>Re: Dkt. No. 110 |

In a memorandum order filed September 28, 2020, the Ninth Circuit remanded this case for a district judge to consider in the first instance plaintiff's December 5, 2017 motion to withdraw consent to magistrate jurisdiction. Dkt. Nos. 110, 112. On December 16, 2020, the case was assigned to the undersigned for that limited purpose. Dkt. No. 116. The Court held a case management conference on February 5, 2021, and determined at that conference that the Court will rule on the motion based upon the transcript of the December 5, 2017 case management conference. Dkt. No. 122; Dkt. No. 111 (transcript of December 5, 2017 case management conference).

The record reflects that plaintiff initially consented to magistrate judge jurisdiction on December 30, 2016. Dkt. No. 6. At the time, Magistrate Judge Nandor Vadas was presiding over the case. After Judge Vadas retired, the case was reassigned to Magistrate Judge Illman on November 6, 2017. Dkt. No. 49. At a case management conference on December 5, 2017, plaintiff made an oral motion to withdraw her consent. Dkt. No. 111 at 18-19. Plaintiff explained the basis

for her motion as follows:

> . . . I did read [Judge Vadas] was appointed a judge in 2004. So I agreed to consent to [a] magistrate judge based on his experience as a judge, as I felt that I can get the justice here that I couldn't get in the trial court in Del Norte County that came from this matter of illegal camping, and the reason I couldn't get justice there is because the judge was just appointed – or just elected the judge in that courthouse and I saw in the courtroom that he was so inexperienced that he was referring to the Assistant DA, Todd Zocchi, to basically run the courthouse, and he denied every single one of my requests and my motions, and he would not allow me to have any witnesses or any evidence that I wanted to present to prove my – my theory that I had a constitutional right to refuse an unreasonable search of my van.
>
> So because of that bad experience where I was denied justice due to the judge being newly elected, I would like to withdraw my consent to a magistrate judge to hear this case, simply because of the inexperience. I don't want to go through that same process of having you take the experience of my adversaries and rely on their knowledge to basically run the courtroom and deny me justice.

*Id*. at 18:7-19:2.

28 U.S.C. § 636 provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge."  28 U.S.C. § 636(c)(4).  "This 'is a high bar that is difficult to satisfy,' and is intended to 'prevent[] gamesmanship.'" *Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) (quoting *Savoca v. United States*, 199 F. Supp. 3d 716, 721 (S.D.N.Y. 2016)).  "Factors to consider include . . .whether consent was voluntary and uncoerced." *Meyer v. Target Corp.*, No. C 09-3293 JL, 2010 WL 1445473, at *3 (N.D. Cal. Apr. 7, 2010) (citing *Pacemaker Diagnostic Clinic of Am., Inc. v. Instromedix, Inc.*, 725 F.2d 537, 543 (9th Cir. 1984)).  "Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice." *Branch*, 936 F.3d at 1004.

The Court concludes that plaintiff did not establish extraordinary circumstances to warrant withdrawal of consent, and thus the motion is DENIED.  Plaintiff's stated reason for wishing to withdraw consent – that she had had a "bad experience" with a different judge who she viewed as "inexperienced"– is akin to an "unadorned accusation" about judicial bias.  Plaintiff did not contend that her consent was coerced or otherwise involuntary, and she did not present evidence of any extraordinary circumstances that would support withdrawal.

Consistent with the Ninth Circuit's order, the Court directs the Clerk to reassign this case to

Magistrate Judge Illman so that he can "articulate his reasons for denying Brown's disqualification motion." Dkt. No. 110.

**IT IS SO ORDERED**.

Dated: February 10, 2021

_____
SUSAN ILLSTON
United States District Judge