UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| ALICE HELEN BROWN,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK RANGER JOEL LEACHMAN, et al.,<br><br>Defendants. | Case No. 16-cv-07235-RMI<br><br>**ORDER RE: MOTIONS FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 128, 129 |

Now pending before the court are a pair of filings (dkts. 128, 129)[1] through which Plaintiff seeks "reconsideration of the court's March 4, 2021 orders." *See* Pl.'s Mot. (dkt. 129) at 2. Specifically, the orders entered on March 4, 2021, were: (1) an order (dkt. 125) enumerating the court's reasoning for a prior summary denial of Plaintiff's motion (dkt. 70) for disqualification; and, (2) an order (dkt. 126) dismissing the case for the reasons previously expressed in an order (dkt. 78) granting summary judgment in favor of Defendants. For the reasons stated below, Plaintiff's requests for reconsideration are denied.

Plaintiff seeks reconsideration of the order (dkt. 125) through which her disqualification motion (dkt. 70) was denied. *See* Pl.'s Mot. (dkt. 129) at 2, 5. In this regard, Plaintiff only submits a single argument; namely, that the undersigned "can and should disqualify himself under 28 U.S.C. 455(b)(3) . . . [because] Judge Illman [previously] served as a law clerk to Judge Vadas, the original judge on this case." *Id*. at 5. Subsection (b)(3) provides that a judicial officer must recuse herself or himself "[w]here he [or she] has served in governmental employment and in such

---

[1] Plaintiff appears to have filed the same document twice, with the exception that a date appears to have been redacted in the second filing.

capacity participated as counsel, adviser, or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." However, Plaintiff has not cited to any case, nor has the court found any such case (controlling or otherwise), that suggests disqualification is required when a retiring judge's law clerk is elevated to the Bench and is reassigned a case that was previously assigned to the now-retired judge.

On the other hand, an opposite conclusion was arrived at in a persuasive case from the Middle District of Georgia. In that case, a habeas Petitioner had sought the disqualification of United States Magistrate Judge Charles Weigle, the former law clerk for United States District Judge Ashley Royal, on grounds that Judge Weigle's former service as Judge Royal's law clerk meant that he had "served in 'governmental employment,' served as an 'adviser,' or 'expressed [an] opinion' in violation of § 455(b) during Petitioner's [underlying criminal] trial." *Ross v. United States*, No. 5:07-CR-77 (CAR), 2012 U.S. Dist. LEXIS 4328, at \*4 (M.D. Ga. Jan. 13, 2012). The *Ross* court found that although Judge Weigle worked as a law clerk in Judge Royal's chambers, he did not serve in "governmental employment" as contemplated by the statute, a fact that is underscored by the cases interpreting § 455(b)(3) as having been intended to cover situations where the judge previously served as an attorney for the government, and worked on a particular case in an adversarial role. *See id*. at \*4-\*5 (citing *United States v. Outler*, 659 F.2d 1306 (11th Cir. 1981); *Murray v. Scott*, 253 F.3d 1308 (11th Cir. 2001); *Kendrick v. Carlson*, 995 F.2d 1440 (8th Cir. 1993); *Rivera-Perez v. United States*, 508 F. Supp. 2d 150 (D. Puerto Rico 2007); *Russell v. Lane*, 890 F.2d 947, 948 (7th Cir. 1989)). In short, Judge Royal found that, "as a law clerk, Judge Weigle's interests would have been the same as those of the Court's, and thus would not be aligned with either side . . . [and because] Petitioner has not stated that Judge Weigle's role as a law clerk caused him to show favoritism or bias toward either party . . . Judge Weigle's role as a law clerk to this Court does not fall within § 455(b)(3), and recusal is not required." *Id*. at \*5. *See also Billian Jo v. Jpmc Speciality Mortg. LLC*, No. 08-CV-0230-EAW-MJR, 2016 U.S. Dist. LEXIS 199561, at \*9 (W.D.N.Y. Feb. 24, 2016) ("Recusal is also not warranted under § 455(b)(3). The law clerk and Clerk of Court positions I previously held are non-adversarial positions, and I never expressed an opinion concerning the merits of this case when I

held those positions."); *see also Banks v. United States*, No. 99-4451L, 2016 U.S. Claims LEXIS 102, at *15 (Fed. Cl. Feb. 19, 2016) (same). Accordingly, because the undersigned has never been employed in any such adversarial position, and because the undersigned has never expressed any such opinion, Plaintiff's motion for reconsideration of the order denying her disqualification motion is meritless and is therefore **DENIED**.

Plaintiff also seeks reconsideration of the court's order dismissing her case (dkt. 126) for the reasons expressed in a previous order (dkt. 78) granting summary judgment in favor of Defendants. *See* Pl.'s Mot. (dkt. 129) at 4-5. In this regard, Plaintiff contends that reconsideration is necessary in order "to accommodate an intervening change in controlling law," which Plaintiff contends requires the court to revisit granting summary judgment against her. *Id*. at 4. Specifically, Plaintiff contends that reconsideration of the order granting summary judgment is necessitated by the holding of the Court of Appeals in *Martin v. City of Boise*, 920 F.3d 584, 604 (9th Cir. 2019) ("We . . . hold that an ordinance violates the Eighth Amendment insofar as it imposes criminal sanctions against homeless individuals for sleeping outdoors, on public property, when no alternative shelter is available to them."). *See* Pl.'s Mot. (dkt. 129) at 4-5. If Plaintiff had been arrested and convicted pursuant to an ordinance such as the one involved in *Martin*, the court might be inclined to agree with her; however, the facts involved in *Martin* stand in stark contrast to those involved in Plaintiff's case. In *Martin*, the appellate court held that an ordinance that imposes criminal punishment for outdoor sleeping on public property, where no alternative shelter is available, violates the Eighth Amendment. On the other hand, Plaintiff was arrested for resisting, delaying, or obstructing a police officer – in violation of California Penal Code § 148; a charge for which she was convicted, and her conviction was upheld on appeal. *See generally Order of August 9, 2018* (dkt. 78). While it is unnecessary to recapitulate the entirety of the details of the events that gave rise to Plaintiff's arrest and conviction, and which formed the basis of the instant lawsuit (because those events have already been adequately described in the court's previous order (dkt. 78) granting Defendants' motions for summary judgment), nevertheless, a few salient points should be noted. Plaintiff was found to be sleeping in her van in a part of a national park where camping is prohibited, and rather than arresting her for illegally camping on those

3

grounds, the park ranger sought to simply identify her and to direct her to a local retail store parking lot with a camper-friendly policy. *See id*. at 3, 14. However, from the outset of this interaction, Plaintiff became combative and refused to open the door to her van or to exit her vehicle for quite some time; then, nearly 20 minutes later, while the park ranger was calling for backup, Plaintiff did eventually exit her van but she then refused to follow the ranger's instructions to stop rummaging around the front seat of the van as doing so made the ranger worry for his safety given the fact that the ranger could not see what she was doing and given the possibility that Plaintiff may have been retrieving a weapon. *Id*. at 8-11. After refusing many repeated commands to stop rummaging around the front seat of her van, coupled with her refusal to comply with repeated commands to get down on the ground, the park ranger used the least aggressive means available to subdue Plaintiff and place her in custody for resisting, delaying, or obstructing an officer. *Id*. Despite the fact that Plaintiff's arrest resulted in a conviction which was upheld on appeal, she nevertheless sued for, *inter alia*, false arrest, excessive force, and violations of her rights under the Fourth Amendment (based on the inventory search of her van), and the Eighth Amendment (based on the false narrative that her van was unreasonably impounded merely because she had innocently slept in it while she was experiencing homelessness). *See id*. at 5-8. Therefore, Plaintiff's case is very much distinguishable from what was experienced by the Plaintiffs involved in *Martin*, in that (1) Plaintiff's arrest and conviction were the result of her combative and belligerent behavior which resulted in her violating a provision of the California Penal Code that had absolutely nothing to do with homelessness or with sleeping on public property when no alternative shelter is available; and (2) the uncontested evidence in Plaintiff's case made it clear that if Plaintiff had not chosen to resist, delay, or obstruct a police officer – in violation of California Penal Code § 148 – she would have been directed to a nearby retail parking lot with a camper-friendly policy. *See Order of August 9, 2018* (dkt. 78) at 14. Thus, Plaintiff's reliance on *Martin* is misplaced, and the holding of that case has no application in this case because of the glaring dissimilarity between the two sets of factual foundations.

    Plaintiff also mentions "a similar case" against a number of park rangers that resulted in a compromise and settlement involving "a single in-person critical incident training session

regarding encounters with individuals with mental health concerns for all U.S. National Park Service law enforcement rangers patrolling Jedediah Smith Redwoods State Park." *See* Pl.'s Mot. (dkt. 129) at 5. However, merely mentioning that some other case, involving a different Plaintiff, resulted in a settlement agreement that included a provision wherein park rangers would be subjected to a training session regarding their encounters with persons suffering from mental health impairments falls woefully short of identifying (even with the most liberal construction) anything remotely resembling any of the four following grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Neither was there any evidence, or even a suggestion, in this case that Plaintiff suffered from any mental illness, nor does the settlement in an unrelated case cast any doubt on the propriety of Plaintiff's arrest and conviction for violating California Penal Code § 148. Similarly, Plaintiff also mentions a recent enactment by the House of Representatives that "will reform qualified immunity regarding use of force." *See* Pl.'s Mot. (dkt. 129) at 4. Two things must be noted in this regard: (1) Congress has not yet abolished the doctrine of qualified immunity; (2) this court's previous order granting Defendants' summary judgment motion did not rest upon any application of the doctrine of qualified immunity, "because the particulars of Plaintiff's initial stop, of her arrest (including the degree of force[] used), and of the searches of her person and her property did not violate any of her federally protected rights, as there was probable cause to believe that she had violated, first California Code of Regulations Title 14 § 4451 (illegal camping), and then California Penal Code § 148(a)(1) (obstructing or resisting an officer). *See Order of August 9, 2018* (dkt. 78) at 45. In short, because this court found that "there was no constitutional misconduct involved in this case" (*see id.*), even if the doctrine of qualified immunity had already been abolished (which is not the case), that would have had no bearing on the outcome of this case. Accordingly, Plaintiff's motion for reconsideration of the order dismissing her case is meritless, and is therefore **DENIED**.

5

## CONCLUSION

For the reasons stated above, Plaintiff's motions for reconsideration are **DENIED**.

**IT IS SO ORDERED.**

Dated: April 4, 2021

ROBERT M. ILLMAN
United States Magistrate Judge